THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurance company, and THE CHARTER OAK FIRE INSURANCE COMPANY, a foreign insurance company, <br><br> Plaintiffs, <br><br> v. <br><br> H.D. FOWLER COMPANY, a Washington corporation, and KIEWIT INFRASTRUCTURE WEST CO., a Delaware corporation, <br><br> Defendants. | CASE NO. C19-1050-JCC <br><br> ORDER |

This matter comes before the Court on Defendant H.D. Fowler Company's motion for a protective order (Dkt. No. 17). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.  BACKGROUND**

This case arises from a project to construct a utility conveyance system linking the Kent/Auburn corridor. (*See* Dkt. No. 13 at 3.) On March 24, 2017, Fowler contracted with Defendant Kiewit Infrastructure West Co., the general contractor on the project, to supply sewer and water pipe for the conveyance system. (Dkt. No. 1 at 3.) Fowler purchased the pipe from

ORDER
C19-1050-JCC
PAGE - 1

1  Diamond Plastics Corporation and had it delivered to the project cite. (*Id.*) Once the pipe was
2  delivered, Tunista Construction, a subcontractor, began installing it. (*Id.*) Tunista soon
3  experienced problems with the installation. (*Id.*) Those problems caused delays and other costs
4  for which Kiewit back-charged Fowler $1,564,698.73. (*See id.* at 4; Dkt. No. 13 at 4–5.)

In April 2018, Fowler tendered a liability claim to Plaintiffs Travelers Property Casualty Company of America and the Charter Oak Fire Insurance Company (collectively "Travelers"). (Dkt. No. 1 at 4.) On June 28, 2018, Travelers issued a reservation of rights letter indicating that it agreed to participate in the investigation and potential defense of Fowler. (Dkt. No. 23-2 at 2.) But before Fowler was sued by anyone, Travelers filed a complaint seeking a declaration that it had no duty to defend or indemnify Fowler from claims relating to the construction project. (Dkt. Nos. 1 at 19–20, 21 at 6)

Fowler subsequently filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law for three reasons: (1) by filing a declaratory action before completing its investigation, Travelers acted in bad faith and is therefore estopped from denying Fowler coverage, (*see* Dkt. No. 13 at 11–14, 18–20); (2) Washington law prohibits an insurer from filing a declaratory action unless the insurer is already defending a suit under a reservation of rights, (*see id.* at 14–15, 17); and (3) there is no "actual controversy" within the meaning of Article III because Fowler had not yet been sued, (*see id.* at 16–17). Shortly after Fowler filed its motion, Travelers noted the Rule 30(b)(6) deposition of Fowler. (Dkt. No. 18-1 at 2–4.) Fowler now moves for a protective order staying discovery until the Court rules on its summary judgment motion. (*See* Dkt. No. 17 at 2.)

## II. DISCUSSION

A court's broad, discretionary power to control discovery includes the power to stay discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). However, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597,

600 (D. Nev. 2011). Such stays can slow down litigation and prejudice a party's ability to respond to the motion itself. *See Noland v. Organo Gold Int'l, Inc.*, 2019 WL 1779568, slip op. at 2 (D. Nev. 2019); *Tradebay*, 278 F.R.D. at 600–01. Yet they can also save time and costs if the pending motion would obviate the need for discovery. *See Noland*, 2019 WL 1779568, slip op. at 2. To balance these competing interests, courts consider two factors in deciding whether to stay discovery when a potentially dispositive motion is pending: (1) whether the pending motion could dispose of the entire case, and (2) whether the motion can be decided without additional discovery. *See id.*; *Tradebay*, 278 F.R.D. at 601. Assessing these factors requires a court to take a "preliminary peek" at the pending motion. *Tradebay*, 278 F.R.D. at 603.

Here, Fowler's motion for summary judgment could dispose of the entire case. Fowler argues that under Article III and Washington law, Travelers cannot bring its declaratory action because Fowler has not been sued. (*See* Dkt. No. 14–17.) In addition, Fowler argues that Travelers is estopped from denying coverage because Travelers acted in bad faith by denying coverage before completing its investigation. (Dkt. No. 13 at 11–14, 18–20.) If Fowler is correct on any of those points, then it would be unnecessary for the parties to engage in discovery about the circumstances surrounding the construction of the Kent/Auburn conveyance system.

Fowler's motion can also be decided without additional discovery.[1] Fowler's argument about Article III is purely a question of law. The same is true for Fowler's argument that Washington law prohibits an insurer from filing a declaratory suit to determine if the insurer

---

[1] Travelers argues that it must engage in discovery to respond to Fowler's motion because "Fowler's Motion for Summary Judgment specifically cites to testimony from employees of Fowler." (*See* Dkt. No. 21 at 12.) However, Travelers does not explain how that testimony is relevant to the legal issues Fowler raises in its motion for summary judgment, (*see id.*), and the Court does not see how that testimony is relevant. Moreover, even if the testimony were relevant to a specific issue, Travelers can ask for limited discovery relating to that issue. *See* Fed. R. Civ. P. 56(d)(2). In doing so, Travelers must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).

must defend or indemnify an insured prior to the insured being sued. And while bad faith claims ordinarily raise factual questions, Fowler argues that Travelers necessarily acted in bad faith by filing its declaratory action. (*See* Dkt. No. 13 at 11–14.) This argument also appears to raise a question of law that can be decided without additional discovery.

Given that Fowler's motion for summary judgment could dispose of the entire case and can be decided without additional discovery, the Court finds in its discretion that it is appropriate to stay discovery pending the resolution of Fowler's motion.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Fowler's motion for a protective order (Dkt. No. 17) and STAYS discovery pending the Court's resolution of Fowler's motion for summary judgment. Pursuant to the Court's previous scheduling order (Dkt. No. 20), Travelers must file its response to Fowler's motion for summary judgment by March 5, 2020. Fowler must file its reply by March 12, 2020. The Clerk is DIRECTED to re-note Fowler's motion for summary judgment (Dkt. No. 13) for the Court's consideration on March 12, 2020.

DATED this 20th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE