THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurance company; THE CHARTER OAK FIRE INSURANCE COMPANY, a foreign insurance company,<br><br>                         Plaintiffs,<br><br>        v.<br><br>H.D. FOWLER COMPANY, a Washington Corporation; and KIEWIT INFRASTRUCTURE WEST CO., a Delaware Corporation,<br><br>                         Defendants. | CASE NO. C19-1050-JCC<br><br>ORDER |

This matter comes before the Court on Defendant H.D. Fowler's motion for summary judgment (Dkt. No. 13). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.    **BACKGROUND**

This case arises from a project to construct a utility conveyance system linking the Kent/Auburn corridor. (*See* Dkt. No. 1 at 3–4.) On March 24, 2017, Fowler contracted with Defendant Kiewit Infrastructure West Co., the general contractor on the project, to supply sewer and water pipe for the conveyance system. (Dkt. No. 30-1 at 4–11.) Fowler purchased the pipe

from Diamond Plastics Corporation and had the pipe delivered to the project cite. (Dkt. No. 14 at 2–3.) Once the pipe was delivered, Tunista Construction, a subcontractor, began installing it. Tunista soon experienced problems with the installation. (*Id.* at 3.) Those problems caused delays and other costs for which Kiewit back-charged Fowler $1,564,698.73. (*Id.*)

In April 2018, Fowler tendered a liability claim to Plaintiffs Travelers Property Casualty Company of America and Charter Oak Fire Insurance Company (collectively, "Travelers"). (*Id.* at 4.) On June 28, 2018, Travelers sent Fowler a reservation of rights letter. (*See generally* Dkt. No. 30-9.) The letter laid out Travelers's then-current understanding of the facts giving rise to Kiewit's claim, the provisions of Fowler's insurance contract, and how those provisions might apply to Kiewit's claim. (*Id.* at 2–11.) The letter concluded, "based on the potential for property damage arising from an occurrence within the Travelers policy period, Travelers has agreed to provide H.D. Fowler with an attorney to assist with the retention of an expert and to protect the interests of H.D. Fowler." (*Id.* at 9.) The letter also warned that "Travelers may issue a partial or complete declination of coverage in the referenced matter should it determine that coverage does not apply." (*Id.* at 10.)

Over the next year, Travelers investigated the claim without ever denying coverage. (*See* Dkt. Nos. 30-12–30-18.) While Travelers was investigating the claim, Fowler and other parties agreed to mediate the matter. (Dkt. No. 29 at 5.) But before mediation occurred or anyone sued Fowler, Travelers filed a complaint seeking a declaration that it had no duty to defend or indemnify Fowler from claims relating to the construction project. (Dkt. No. 1 at 15–20.) Fowler now moves for summary judgment dismissal of Travelers's complaint. (Dkt. No. 13.)

## II.    DISCUSSION

Fowler argues that the Court should dismiss this case for three reasons: (1) by filing a declaratory action before completing its investigation, Travelers acted in bad faith and is therefore estopped from denying Fowler coverage, (*see* Dkt. No. 13 at 11–14, 18–20); (2) Washington law prohibits an insurer from filing a declaratory action unless the insurer is already

defending a suit under a reservation of rights, (*see id.* at 14–15, 17); and (3) there is no "actual controversy" within the meaning of Article III because Fowler has not yet been sued, (*see id.* at 16–17).

Under Article III, federal courts may decide only "cases" and "controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, a party must have standing to bring a claim and the claim must be ripe for review. *Colwell v. Dep't of Health & Human Servs.*, 559 F.3d 1112, 1123 (9th Cir. 2009). "Standing and ripeness . . . are closely related," *id.*, and the inquiries often overlap in cases where a plaintiff asks a court to decide a legal issue whose relevancy is contingent on future events, *see Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138–39 (9th Cir. 2000). In such cases, the plaintiff will not have standing to raise the issue unless the future event is "certainly impending." *See Clapper v. Amnesty Int'l*, 568 U.S. 398, 1147–49 (2013) (holding plaintiffs could not challenge a provision of the Foreign Intelligence Surveillance Act because they failed to show with enough certainty that the Government would use the provision to intercept their communications). Similarly, the issue will not be ripe "if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)) (holding petitioners could not challenge the terms of a contract because it was uncertain whether the contract would ever come into effect).

Here, Travelers asks the Court to resolve legal issues relating to "future events that may not occur as anticipated, or indeed may not occur at all." *Id.* Those issues center around whether Travelers has a duty to defend and indemnify Fowler against hypothetical claims made against Fowler in connection with the Kent/Auburn conveyance system. (*See* Dkt. No. 1 at 15–20.) Those claims might never be brought because Fowler might settle them or potential claimants might choose not to pursue them.[1] And even if claims are brought against Fowler, the claims

---

[1] The Court is aware of a lawsuit filed by Fowler against Diamond Plastics in King County Superior Court. *See H.D. Fowler Co. v. Diamond Plastics Corp.*, Case No. 19-2-08572-0 KNT. Neither Fowler nor Travelers have discussed this lawsuit in their briefing, and Fowler told the

might not be the ones Travelers anticipates: a claimant might, for example, allege property damage that comes within the terms of Fowler's insurance policy with Travelers. Because Travelers raises legal issues that "rest[] upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all,' those issues are not ripe for review." *Alcoa*, 698 F.3d at 793 (quoting *Texas*, 523 U.S. at 300).

The Court's conclusion is consistent with both the ordinary principles of standing and ripeness and the way courts have applied those principles in similar cases. In *Progressive Northern Insurance Co. v. Chambers*, 2020 WL 59608, slip op. at 2 (D.S.C. 2020), for example, the district court held that a duty-to-defend issue was not ripe because a suit had not been filed against the insured and the insurer had failed to show that a suit was imminent. Likewise, in *Hartford Insurance Co. of the Midwest v. Dana Transport Inc.*, 2018 WL 10152321, slip op. at 4–5 (D.N.J. 2018), the district court held that an insurer's duty to defend was not ripe because there was neither an underlying lawsuit nor a threatened lawsuit against the insured. Although those courts did not hold that a duty-to-defend issue is ripe only if a lawsuit has been filed against the insured, they did require that a lawsuit at least be imminent. *See Progressive N. Ins. Co.*, 2020 WL 59608, slip op at 2; *Hartford Ins. Co.*, 2018 WL 10152321, slip op. at 4–5; *see also Colony Ins. Co. v. Hucks Pool Co.*, 2018 WL 902295, slip op. at 2–3 (D.S.C. 2018) (concluding that a case or controversy existed because a lawsuit against the insured was imminent). Travelers has offered no evidence to show that a lawsuit against Fowler is imminent. Accordingly, Travelers's claims are not ripe for review.

Travelers disagrees, arguing that it is "well-established" under Washington law that "an insurer may file a declaratory judgment action whenever coverage is uncertain." (Dkt. No. 29 at 19.) But the Washington cases Travelers points to all involved or contemplated declaratory

---

Court on March 11, 2020, that "no suit or arbitration has been filed against Fowler." (Dkt. No. 31 at 2.) Accordingly, the Court assumes that Fowler's lawsuit against Diamond Plastics does not involve a claim against Fowler that might trigger Travelers's duty to defend.

judgment actions brought by insurance companies after their insured had been sued. *See Nat'l Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 689–90 (Wash. 2013); *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459–60 (Wash. 2007); *Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 F.3d 276, 280–81 (Wash. 2002). More importantly, Washington law does not decide the Court's power to entertain a declaratory judgment action; Article III does. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). And under Article III, a federal court may resolve the uncertainties in a contract only if "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 671 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). No such controversy exists here because Fowler has not been sued, it is unclear if Fowler will be sued, and it is uncertain what a lawsuit against Fowler might entail.[2] *See Alcoa*, 698 F.3d at 793; *Progressive N. Ins. Co.*, 2020 WL 59608, slip op at 2; *Hartford Ins. Co.*, 2018 WL 10152321, slip op at 4–5.

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Fowler's motion for summary judgment (Dkt. No. 13) and DISMISSES this case without prejudice. The Court also DENIES the parties' stipulated motion to dismiss Kiewit (Dkt. No. 36) as moot.

DATED this 14th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court concludes that it lacks the power to hear Travelers's lawsuit, the Court does not reach Fowler's other arguments in its motion for summary judgment.

ORDER
C19-1050-JCC
PAGE - 5